F I L E D
**United States Court of Appeals
Tenth Circuit**

**MAR 12 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES of AMERICA,

Plaintiff - Appellee,

v.

ELVIS ROBERT SEDILLO,

Defendant - Appellant

No. 96-2128
(D. Ct. No. CR-95-330-JC)
(D. N. Mexico)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, **BALDOCK**, and **LUCERO**, Circuit Judges.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal.  See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9.  The case is therefore ordered submitted without oral argument.

This appeal is from an order of the district court denying defendant's motion to withdraw his guilty plea following his indictment for crimes related to his involvement in a carjacking that resulted in the death of Patricia Tafoya, a 15-

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

year-old girl. Sedillo was one of three persons whom the grand jury indicted for involvement in the carjacking. Defendant was the triggerman. Trial was set for the three co-defendants on February 20, 1996. On the day of trial, all three entered guilty pleas. Sedillo pleaded guilty to carjacking resulting in death and admitted that he shot and killed Patricia. There is no question that his plea was properly entered under Federal Rule of Criminal Procedure 11(e)(1)(C).

The trial court set sentencing for May 9, 1996. On that day, defendant orally moved to withdraw his plea. The court scheduled a hearing for May 20, 1996 to consider the motion. On May 14, 1996, defendant filed a written motion to withdraw his plea. On May 20, 1996, the district court held the hearing to consider defendant's motion. The court denied the motion and sentenced defendant to life imprisonment under the United States Sentencing Guidelines. Defendant appeals that denial. He offers no new arguments on appeal but renews those arguments presented in his written motion filed May 14, 1996.

We review a district court's denial of a defendant's motion to withdraw a guilty plea for abuse of discretion and will not reverse unless the defendant can demonstrate that the trial court acted unjustly or unfairly. See United States v. Carr, 80 F.3d 413, 419 (10th Cir. 1996). In considering a motion to withdraw a guilty plea, the district court must examine seven factors: "(1) whether the defendant has asserted his innocence; (2) prejudice to the government; (3) delay

in filing defendant's motion; (4) inconvenience to the court; (5) defendant's assistance of counsel; (6) whether the plea is knowing and voluntary; and (7) waste of judicial resources." Id. at 420.

Our review of the record, and in particular of the transcript of the May 20, 1996 hearing, reveals that the district court considered each of these seven factors before it decided to deny defendant's motion. The defendant offers no evidence and does not assert that the trial court acted unjustly or unfairly by denying the motion. Accordingly, we conclude that the district court did not abuse its discretion in denying defendant's motion to withdraw his guilty plea. We AFFIRM the denial of defendant's motion.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Circuit Judge